IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARE, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CV3126 |
| | ) | |
| v. | ) | |
| | ) | |
| MARY E. PETERS, Secretary of the United States Department of Transportation, JOHN H. HILL, Administrator of the Federal Motor Carrier Safety Administration, and ELYSE MUELLER, Division Director of the Federal Motor Carrier Safety Administration, | ) ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

On June 17, 2008, the plaintiff, a trucking company, filed suit and moved for a temporary restraining order seeking to prohibit the government from conducting a safety audit. With that in mind, on June 17, 2008, I conferred with counsel over the telephone to expedite the resolution of this matter. Counsel requested that I hear their oral arguments during the telephone conference and I told counsel I would be happy to do so with the understanding that no record of the argument could be made due to the telephonic nature of the conference. Counsel agreed. I heard their arguments and I denied the motion. My reasons for doing so are set forth below.

I believe that the *Dataphase* case must be applied to temporary restraining order situations. In *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981), the court, sitting en banc, clarified the standard district courts should apply when considering a motion for preliminary injunctive relief:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

*Dataphase*, 640 F.2d at 114. "No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998). "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined. . . ." *Dataphase*, 640 F.2d at 113.

I denied the motion for a temporary restraining order because the balance of the factors tip in favor of the defendants. In particular, (1) given the assurance of Assistant United States Attorney Paul Boeshart that the plaintiff's business would not be shut down during the pendency of this action without reasonable advance notice and (2) given the representation of Mr. Boeshart that the plaintiff will have the opportunity to contest, before an administrative law judge, any compliance order that is issued as a result of an audit, no irreparable injury will occur if the audit an conducted. Furthermore, given the safety considerations that the government is required to advance through the audit process, the public interest does not favor restraining the government from engaging in audits intended to protect the motoring public and transportation workers.

IT IS ORDERED the motion for a temporary restraining order (filing 3) is denied.

DATED this 17th day of June, 2008.

BY THE COURT:

*s/Richard G. Kopf*
United States District Judge